TAYLOR, APPELLANT, *v.* MONROE, TREAS., ET AL.,
APPELLEES.

(No. 22341—Decided January 28, 1951.)

*Mr. James C. Maher,* for appellant.
*Mr. Frank T. Cullitan,* prosecuting attorney, and
*Mr. A. M. Braun,* for appellees.

THOMPSON, J. This case involves an appeal by plaintiff, on questions of law, from a judgment of the Com-

mon Pleas Court sustaining a demurrer to plaintiff's petition, and, on plaintiff desiring to plead no further, dismissing plaintiff's petition and entering judgment for defendants for their costs.

Plaintiff's petition alleged that, in 1938, he acquired two sublots in the city of Cleveland, which he owned until June 13, 1950, when a decree of the Common Pleas Court in a land court case divested him of title because of delinquent taxes upon the premises. Plaintiff further alleged that in February 1950, on application of the Board of Revision of Cuyahoga County, the Common Pleas Court had entered an order forfeiting the two parcels aforesaid for unpaid taxes, assessments, penalties and interest; that these parcels were offered for sale at county auditor's sale and sold on April 24, 1950, for $2,100. Plaintiff's petition alleged further that the premises in question constituted property registered under the Torrens law (Section 8572-1 et seq., General Code); that at various dates previous to the sale, the city of Cleveland and the county of Cuyahoga had levied special assessments against the parcels, at a time while Section 8572-56, General Code, was still in force and effect; and that no notices of such assessments were ever filed with the county recorder as required by the last mentioned section of the Ohio Torrens Law.

Plaintiff therefore alleged that the special assessments were void, invalid, uncollectible and unenforceable insofar as they attempted to affect the property of plaintiff and that the assessments were not subject to collection by the defendant county auditor or the defendant county treasurer.

Plaintiff alleged further that, despite such facts, the special assessments were placed on the tax duplicate and certified to the county treasurer for collection and that, when the two parcels of plaintiff were offered for sale at the forfeited land sale, these delinquent assess-

ments were included in the total tax delinquency which appeared in the advertising of such premises for sale.

Plaintiff alleged further that on September 28, 1950, subsequent to the forfeited land sale, he presented himself to the county auditor to collect the amount representing the difference between the sum of the general taxes, interest, and penalties, which he admitted were properly due and owing to the county, and the sum of $2,100 for which the premises were in fact sold. Plaintiff averred that the defendant county treasurer owed him this difference, thereby urging, in effect, that the treasurer was not entitled to withhold any amounts based upon uncollectible special assessments. In his prayer for relief, plaintiff asked that the defendant county auditor bring in his records and that the defendant county treasurer pay to him the difference requested. In addition to the county treasurer and county auditor, plaintiff named as defendants the board of county commissioners and the city of Cleveland.

The city of Cleveland filed no pleadings, but the other defendants filed a joint demurrer on the ground that the petition failed to state facts setting forth a cause of action. The trial court sustained the demurrer, not on the ground urged by the defendants, but for the following reasons stated in the entry:

"Demurrer sustained for a misjoinder of all parties except county treasurer. Plaintiff may have leave to amend as against county treasurer, if recovery against him is sought for amount being held to plaintiff's credit under statute. If plaintiff desires not to plead further in accordance with this entry, judgment for costs to be entered."

Error of the trial court in sustaining the demurrer and in entering final judgment for defendants is urged by plaintiff, appellant in this court.

The foregoing recitation of the allegations of the

petition, admitted by the demurrer, reveals that an original question is presented by the pleadings. The petition was filed on October 13, 1950, less than six months after the tax sale and about two weeks after plaintiff had presented himself to the appropriate county officials to obtain the "excess" owed and payable to the former owner under Section 5757, General Code. That section provides as follows:

"If any of such forfeited lands are sold for a greater sum than the amount of such tax, assessment, interest, penalty, and costs of sale, the county auditor shall charge the county treasurer separately in each case, in the name of the supposed owner, with the excess above such amount. The treasurer shall retain such excess in the treasury for the proper owner of the forfeited lands, and upon demand by such owner, within six years from the day of sale, shall pay the excess to him."

The question apparently raised for the first time in this case is with respect to the "excess" in the hands of the county treasurer, as a result of the auditor's sale. Plaintiff is insisting that the auditor and treasurer shall not deduct for the delinquent special assessments charged against the property, and admitted by the demurrer to be invalid, in an approximate total of $1,188, and that he be paid the difference between the sale price ($2,100) and the delinquent taxes, interest, and penalties, exclusive of special assessments, in a total of approximately $716. In other words, plaintiff is claiming that the excess in the hands of the county treasurer to which he is entitled represents approximately $1,383 and not the $194 offered to him by the county treasurer.

There appears to be no dispute as to the foregoing amounts referred to in the briefs of counsel. The only question is whether plaintiff in the instant case is entitled to litigate the question of the amount of excess

owed to him or whether he is barred by the previous court actions referred to in his petition or otherwise. We find no such bar.

Under Section 5757, General Code, a delinquent land owner seasonably makes his request for the excess to which he may be entitled at any time within six years after a forfeited land sale. That section would therefore seem to be controlling and would permit plaintiff to litigate the question of the amount of excess at this time unless the sum may have been previously litigated and determined, or unless there should be some other applicable statute under which the question should have been previously disposed of, so that plaintiff is tardy in asserting his rights.

To determine this latter question, we are required to examine the two earlier court actions referred to in the petition, while keeping in mind that the demurrer of the defendants has admitted that notice of the special assessments was never filed with the county recorder as required by Section 8572-56, General Code (115 Ohio Laws, 446), and that said assessments, so far as Torrens parcels were concerned, are therefore invalid and so admitted by the demurrer.

Plaintiff refers in his petition to the fact that he was divested of title to the two parcels in land court case No. 3577 in the Common Pleas Court. This allegation calls for the examination of Section 8572-58, General Code, then, and at the present time, in effect. That section declares that a purchaser of Torrens property at tax sale shall, within sixty days after date of the tax deed, file a petition in court in which all persons interested shall be made parties. The section provides further as follows:

"Any person interested in the land may show, as cause why such certificate of title shall not issue, any fact that might be shown at law or in equity on his behalf to set aside such tax deed; and the party named

in the tax deed shall be required to show affirmatively that all of the requirements of the statute to entitle him to a deed have been strictly complied with; and in such suit the court may decree such deed and tax sale under which the same was issued to be invalid for the purposes of entitling the purchaser or grantee to a transfer of the title to said land and order the same to be cancelled upon the payment by any party in interest to said purchaser or grantee of the amount so paid by him on such tax sale and subsequently as taxes on the property, together with interest on all such sums.''

We find that the foregoing provisions of Section 8572-58, General Code, admittedly followed by the purchaser in this case, were for the purpose of perfecting title in the purchaser and although plaintiff, as former owner, was properly made a party to such proceeding, it was not incumbent upon him in such action to raise the question of the validity or nonvalidity of any special assessments. Since taxes were admittedly delinquent during the requisite period, the property was properly sold, and there was no occasion or reason, in such proceeding brought for the benefit of the purchaser, for the former owner to raise the question of the actual amount of the delinquencies. If plaintiff desired to attack the validity of the proceedings involving the forfeiture of his title to the premises he, of course, had earlier opportunity to do so under the provisions of Section 5718-1c, General Code. His petition admitted the forfeiture proceedings and court action under Section 5718-1c, General Code. It must be pointed out, however, that under that section, applicable to the forfeiture of land for nonpayment of taxes, only four objections may be made to the action of the county board of revision taken under Section 5718-1, General Code. The four objections enumerated in Section 5718-1c, General Code, on the part of the

owner of delinquent lands, properly able to be urged against the forfeiture proceedings, are the following:

"1. That the taxes or assessments, penalties and interest have been paid.

"2. That the lands or lots are not properly listed.

"3. That the proceedings to omit such lands or lots from the foreclosure list have been irregular.

"4. That the lists provided for in Sections 5704 and 5718-1*b* of the General Code have not been published according to law."

We believe it obvious from examination of the four objections authorized that the proceeding under Section 5718-1*c*, General Code, gives no opportunity to the delinquent land owner to raise the question of the illegality of special assessments or to contest the amount of the delinquent taxes.

Since the petition shows on its face no other court action taken by the plaintiff, and since none is alleged by the defendants, and since the latter have chosen to demur rather than to raise an affirmative defense, it is our belief that the plaintiff, in raising in the court below the question of the amount of excess to which he was entitled under Section 5757, General Code, in fact set forth a cause of action. To deny plaintiff a hearing under such circumstances, as to questions not previously litigated, is to deny him his day in court.

The judgment is reversed and the cause is remanded to the trial court with instructions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed.*

SKEEL, P. J., and HURD, J., concur.